FRENCH v. KRELING et al.

(Circuit Court, N. D. California. August 13, 1894.)

UNPUBLISHED OPERA—UNAUTHORIZED PRODUCTION-ACCOUNTING FOR PROFITS.
    One who produces an opera without authority from the author must account to him for the profits, where such opera has never been circulated or published, though copies had been printed for the private convenience of performers, in learning their parts.

Bill for an accounting by T. H. French against Joseph Kreling and others. There was a decree for plaintiff, as prayed.

Joseph D. Redding, for complainant.

HAWLEY, District Judge. This is a bill in equity to compel respondents to account for the receipts of the Tivoli Opera House, at which the operetta of Falka was performed, and for other and further equitable relief. From the testimony taken on behalf of complainant, it appears that he is the owner of said operetta; that one Henry Farnie, of London, England, was the author and composer of the dialogue and words of the songs of said operetta, and that it was by him adapted into the English from the French original, entitled "Le Droit d'Ainessi;" that this English adaptation is in many respects an entirely original work; that from the middle of the second act to the end of the third act the plot and situations are entirely original; that four of the characters, and all the situations and dialogue appertaining to the characters, were the creation of Farnie; that the entire English dialogue of Falka is original; that the title "Falka" is an original title affixed by Farnie; that prior to his composition of the dialogue, words, and songs, the said operetta had never been used in connection with any other composition or operetta; that the music was written by Francis Chassaigne; that the operetta consists of a libretto in three acts, and a musical score; that the dialogue, words, songs, and spoken parts thereof have never been published; that the musical score has been published with the words of the songs so set to music; that the dialogue, libretto, and stage business, etc., have never been published; that, if any copy of said unpublished libretto ever came into the possession of respondents, such copy was obtained by illegal means; that the authorship of said operetta has been asserted in newspapers, and has been known and recognized throughout the United States; that royalties have been received from the licensed performances thereof; and that the property of said operetta is valuable, etc. Upon the part of the respondents, it was attempted to be shown by the testimony of Alfred Hays, of London, England (a musical publisher), that the comic opera Falka had been published in book form. The testimony of this witness, which is quite lengthy, fails to show any such publication. He testified that:

"The words were printed for the use of the artists to learn their respective parts. The book was printed in 1883, and was never in circulation. Such books were kept by myself at my private residence, under lock and key, and copies were handed to the stage manager by myself. As he required them, he would hand them to the artists, to be used by them only for the purpose of learning their respective parts. * * * They were never published and circulated. The book was only printed for the convenience of the artists, to enable them to learn their parts. * * * I say that said book, nor any counterpart thereof, has never been published. It was merely printed for the private use of the artists, as is the custom in this country, and is not now public property."

This book, upon its title page, contains the words, "Right of representation and reproduction reserved;" and on the inside page is written in ink the names of the original cast in America, and at the top of the next page, written in ink (evidently in the same handwriting): "Property of F. J. McCarthy. Presented to him by E. J. Steyne, Comedy Theatre, London, E." In the original cast of characters appears the name of F. J. McCarthy as "Tekeli."

The law protecting the rights of authors in their compositions, literary and musical, where they have not been dedicated to the public, or published with the author's consent, is well established. The principles announced by this court in Goldmark v. Kreling, 11 Sawy. 215, 25 Fed. 349; Henderson v. Tompkins, 60 Fed. 764; and in Drone on Copyrights, §§ 97, 121, 383, 526,—are conclusive in favor of complainant's right to a decree, with costs. Let a decree be so entered.